IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEPHEN RICHARDS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRICO SHEET METAL, LLC, a Utah Limited Liability Company,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br><br>Case No. 2:13-CV-717 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment. Defendant has failed to respond to the Motion. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

Plaintiffs brought this action to compel an employer payroll audit of Defendant and to collect delinquent trust fund contributions in accordance with the terms and provisions of certain Labor Agreements, Trust Agreements, and the Employee Retirement Income Security Act ("ERISA"). In the instant Motion, Plaintiffs request the Court enter an order compelling Defendant to permit a payroll audit of its employment and business records in order to determine Defendant's compliance with its contractual obligation to pay employee benefit plan contributions to Plaintiffs.

The Plaintiff Trust Funds are Employee Benefit Plans within the meaning of 29 U.S.C. § 1002(1), (2) and (3) and 29 U.S.C. § 1132. On February 13, 2012, Defendant Trico, acting by and through Mario J. Maestas, entered into a Short Form Agreement (the

"Agreement") with Local Union 312 of the Sheet Metal International Association ("Local Union 312"). The Agreement expressly incorporates by reference the terms and provisions of the Collective Bargaining Agreement ("CBA") between Local Union 312 and the Sheet Metal Contractors' Association of Utah ("SMCA"), effective July 1, 2008, through June 30, 2012, and any renewal, extension, or replacement of such CBA. A CBA entered into between Local Union 312 and SMCA effective July 1, 2012, through June 30, 2016, constitutes a renewal, extension, or replacement of the 2008–2011 CBA to which Trico was bound at all times material to this case, by virtue of the Agreement with Local Union 312.

Paragraph 67(d) of the 2012–2016 CBA states in part:

> It is agreed that all contributions shall be made at such time and in such manner as the Trustees require. The Trustees shall have the authority to have an auditor or an Independent Certified Public Accountant audit the payroll and wage records of the employer for the purpose of determining the accuracy of contributions made to the Fund.[1]

The 2012–2016 CBA incorporates by reference the terms and conditions of the Trust Agreement and the Rules, Regulations, and Policies of each of the Plaintiff Trust Funds. Article IV, Section 5 of the Trust Agreement states in pertinent part:

> The Trustees may, at reasonable times and during normal business hours, cause an audit or examination by a Certified Public Accountant or other agent of the Trustees of the books and records of an employer which may be pertinent in connection with said contributions and reports insofar as the same may be necessary to accomplish the purpose of this Agreement.[2]

Article V, Section 1(e) of the Trust Agreement grants the Trustees authority:

> To formulate, change and promulgate such rules and regulations not inconsistent with this Agreement and applicable federal law, together with the rules and

---

[1] Docket No. 7, Ex. B ¶ 67(d).

[2] *Id.* Ex. C, Article IV, Section 5.

regulations promulgated thereunder, as the Trustees deem necessary or desirable to facilitate the proper administration of the Fund.[3]

On June 2, 2010, the Trustees of the Utah Sheet Metal Workers Pension Trust Fund adopted a Payroll Compliance Review and Policies and Procedures ("Payroll Compliance Policy").  The Payroll Compliance Policy sets forth the rules and procedures relating to payroll audits as directed by the Trustees and authorized by the applicable CBA and Trust Agreement.

Commencing on or about June 6, 2013, the Trust Funds' independent auditing firm, Haynie & Co., Inc., made several requests to Defendant Trico and its agents to conduct a payroll audit.  Defendant Trico has failed to cooperate with the Trust Funds' auditor in connection with the requested audit.  Despite several attempts by Plaintiffs to arrange for an audit by telephone, email, and written letter, Trico has failed to respond in any way to Plaintiffs' communications.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.  If it has not, summary judgment is not appropriate, for [n]o defense to an insufficient showing is required.[5]

---

[3] *Id.* Ex. C, Article V, Section 1(e).

[4] Fed. R. Civ. P. 56(a).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) (internal quotation marks omitted).

By failing to respond, Defendant "waives the right to respond or to controvert the facts asserted in the summary judgment motion."[6]  "The court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment."[7]

### III.  DISCUSSION

Plaintiffs have the right to conduct a payroll audit of Defendant Trico pursuant to the CBA and Trust Agreements to which Trico is a signatory, as well as federal law.[8]  Despite its obligation to cooperate with such an audit, Trico has failed to respond to Plaintiffs' communications concerning an audit and has failed to produce the information required to complete an audit.  As a result, Plaintiffs are entitled to summary judgment on this claim.

### IV.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for Partial Summary Judgment (Docket No. 7) is GRANTED.  It is hereby

ORDERED that Defendant Trico cooperate with the audit and produce all documents and information that are necessary and reasonable for completion of the audit in conformance with generally accepted accounting procedures.

---

[6] *Id.* at 1195.

[7] *Id.*

[8] *See Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 571–72 (1985).

DATED this 21st day of November, 2013.

BY THE COURT:

_____

Ted Stewart
United States District Judge